# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-422
Filed: February 20, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | **UNPUBLISHED** |
| JILL SARINA, | |
| | Special Master Hamilton-Fieldman |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; Reasonable Amount |
| | Requested to which Respondent Does Not |
| SECRETARY OF HEALTH | Object. |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Chester D. Hayes</u>, Hayes Law Offices, Pataskala, OH, for Petitioner.
<u>Jennifer L. Reynaud</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On June 27, 2011, Jill Sarina ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she suffered from transverse myelitis as a result of a measles, mumps, and rubella ("MMR") vaccination administered to her on July 29, 2008. On August 18, 2014, the undersigned issued a decision awarding compensation.

On February 20, 2015, the parties filed a stipulation regarding attorneys' fees and costs. The parties have agreed to an award of $21,763.08 for attorneys' fees and costs. In accordance with General Order Number 9, Petitioner represents that she has not personally incurred any expenses in pursuit of her claim.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate.

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." In the absence of such motion, the entire decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

**Accordingly, the undersigned hereby awards the amount of $21,763.08, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Chester D. Hayes.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.